**09   2186**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BURTON N. PUGACH,

            Plaintiff,

    - against -

GENWORTH LIFE INSURANCE COMPANY OF
NEW YORK and JORDAN SAMUELSON,

            Defendants

------------------------------------------------------------x

Case No. 7956-09

COGAN, J.

NOTICE OF REMOVAL
TO FEDERAL COURT

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 2 2 2009 ★

BROOKLYN OFFICE

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441 and 1446,

Petitioners Genworth Life Insurance Company of New York ("Genworth" or

"Petitioner") hereby submits this Notice of Removal and states as follows:

        1.  Plaintiff Burton N. Pugach, an individual, commenced this action in the

Supreme Court of the State of New York, County of Queens, on or about March 30,

2009, and the Clerk of said Court assigned Index No. 7956-09 thereto.  A true and correct

copy of the Summons and the Complaint is annexed hereto as Exhibit A (the

"Complaint").  Genworth was served with the Complaint through the Insurance

Department for the State of New York on May 1, 2009.  No other pleadings, process or

orders have been served upon Defendants in the state court action.

        2.  This Notice of Removal is filed within thirty (30) days upon receipt by

Defendants of the initial pleading on which this action is based pursuant to 28 U.S.C. §

1446(b) and Federal Rule of Civil Procedure 6(a).

        3.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice

of Removal will be given to the parties promptly after the filing of this Notice.  Also, a

*459469.1*

true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the State of New York, County of Queens, promptly after the filing of this Notice.

4.  Petitioner desires removal and this case is eligible for removal.

5.  A case is properly removable to federal court when the federal court has original jurisdiction founded on a claim or right arising under the laws of the United States and the notice of removal is timely.  28 U.S.C. §§ 1441(a) and (b).

6.  This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7.  In particular, in count four of the Complaint, plaintiff specifically and expressly asserts a claim for relief pursuant to the Securities Exchange Act of 1934, 15 U.S.C. 77(j)(b) and Rule 10b-5 thereunder, 17 C.F.R. 240.10b-5.

8.  The federal courts have exclusive jurisdiction over claims of violations of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder.  15 U.S.C. § 77(aa).

9.  The other bases for relief asserted by the plaintiff in this action all arise out of the same factual allegations and are part of the same case and controversy, so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. 1367(a).  Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court, and removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441(b) and (c).

10. By filing this Notice of Removal, Petitioner does not waive, either expressly or impliedly, any defense, affirmative defense or motion that may be available

to it, including but not limited to, a challenge to the validity of service or defense of lack of personal jurisdiction, or concede that plaintiff is entitled to any damages he claims.

11. Petitioner reserves the right to amend or supplement this Notice of Removal and to present additional arguments in support of its entitlement to removal.

12. Upon information and belief, defendant Jordan Samuelson ("Samuelson") was not served with the Summons and Complaint in the state court action.

13. Upon information and belief, plaintiff has contact information for Samuelson, and Petitioner does not know why Samuelson was not served.

14. Because Samuelson was not served with process, Petitioner did not obtain and was not required to obtain Samuelson's consent to removal.

WHEREFORE, Petitioner respectfully requests that this action be removed from the Supreme Court of the State of New York, Queens County, to this Court.

Dated: May 22, 2009
        New York, New York

                    GOLENBOCK EISEMAN ASSOR BELL
                    & PESKOE LLP

                    By_____
                        S. Preston Ricardo (SPR 5765)

                    437 Madison Avenue, 35th Floor
                    New York, New York 10022
                    (212) 907-7300

                    *Attorneys for Genworth Life Insurance
                    Company of New York*